IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00865–CMA–KMT

ENCOMPASS INSURANCE COMPANY,

      Plaintiff,

v.

ELIOT BROWN,
BUTTS, LLC, a Colorado Limited Liability Company, and
MOUNTAIN HOMES, LLC, a Colorado Limited Liability Company

      Defendants.

---

## ORDER

---

This matter is before the court on "Defendant Brown's Motion to Stay and Request to Vacate Scheduling Conference" (hereinafter "Motion") [Doc. No. 15, filed July 15, 2009]. Responses were filed by Plaintiff Encompass Insurance Company ("Encompass") [Doc. Nos. 20 and 27] and by Defendant Mountain Homes, LLC ("Mountain Homes") [Doc. Nos. 21 and 28].

Defendants Eliot Brown and Butts, LLC ("Brown Defendants") request that this Court vacate the August 10, 2009 Scheduling Conference and stay proceedings pending resolution of a motion to bifurcate in an underlying state case between Mountain Homes and the Brown Defendants. The issue in this case is whether Plaintiff, Encompass, is obligated to provide

insurance coverage, including providing for a defense, for the Brown Defendants on counterclaims brought against them by Mountain Homes in the pending state court case.

In support of their request to stay these federal proceedings, the Brown Defendants' state they have filed a motion to bifurcate the primary claims from the counterclaims in the state case and if that motion is successful <u>and</u> if the Brown Defendants then prevail on their equitable claims of rescission and reformation, then Mountain Homes' legal claims of negligence and slander of title will be moot.  They conclude, therefore, that this federal case will likewise become moot since the Brown Defendants will not need insurance coverage from Encompass.

Both Encompass and Mountain Homes object to the stay.[1]

*Analysis*

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

---

[1] The Local Rules of Practice for the District of Colorado require all parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997). The Brown Defendants declared in their motion that they attempted to confer with Encompass but that Encompass did not provide a definitive position on the motion.  Encompass claims there was no conferral.  There is no dispute that the Brown Defendants did not confer with Mountain Homes, their opponents in the underlying state court matter. The court cautions the Brown Defendants that future motions filed without conferring may result in the court striking the motions.

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir.1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)(*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.

While a stay of all discovery is generally disfavored in this District, *Chavez v. Young American Ins. Co.*, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007); *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304 (D. Colo. Aug. 14, 2006), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In this matter, the Brown Defendants' rationale for the request for a stay is contingent upon several outcomes in their favor in the underlying state case. Further, Mountain Homes states, "Whether or not the motion to bifurcate is granted and whether or not Brown is successful on his claims for reformation and rescission will have no effect on Mountain Homes' claims for negligence and slander of title." (Rsp. [Doc. No. 21] at 5.) So even if the underlying case is

resolved in the Brown Defendants' favor at each turn, the Brown Defendants may still have to defend against Mountain Homes' counterclaims, obviously necessitating a determination on whether or not Encompass will be liable for defense of those counterclaims.  Under this trajectory, there is nothing to be gained by staying this federal case.  To the extent the Brown Defendants are hoping that if they win on their claims, Mountain Homes will choose not to pursue its counterclaims, such a result is pure speculation.

Therefore, it is **ORDERED**

"Defendant Brown's Motion to Stay and Request to Vacate Scheduling Conference" [Doc. No. 15] is **DENIED**.

Dated this 3d day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge